UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**RONALD SATISH EMRIT**             CASE NO. 1:24-CV-00369

**VERSUS**                          JUDGE DOUGHTY

**SEAN COMBS ET AL**                MAG. JUDGE PEREZ-MONTES

### MEMORANDUM RULING

Before the Court are *eight* Motions filed by the plaintiff, Ronald Emrit ("Mr. Emrit"), within a two-day span. Mr. Emrit seeks joinder of the "Grammy Awards";[1] the University of Miami School of Law;[2] "the United States [A]ttorney's [O]ffice [for] [the] Eastern [District of] Louisiana";[3] and "Jay-Z."[4] He also seeks discovery,[5] a preliminary injunction,[6] summary judgment,[7] and consolidation of his other cases.[8]

Mr. Emrit's case, and the motions he has filed within, are plainly frivolous. Mr. Emrit is suing Sean "P. Diddy" Combs for forty-five (45) million dollars as a "public nuisance" "who has committed the crimes of pimping and pandering…"[9] The Magistrate Judge rightly denied Mr. Emrit's past motions for the "involuntary bankruptcy" of P. Diddy, and a default judgment.[10] We take the same course now.

---

[1] R. Doc. 15.
[2] R. Doc. 16.
[3] R. Doc. 24.
[4] R. Doc. 25.
[5] R. Doc. 17.
[6] R. Doc. 18.
[7] R. Doc. 19.
[8] R. Doc. 20.
[9] R. Doc. 1 at 5–6.
[10] *See* R. Doc. 11; R. Doc. 12.

Federal district courts needn't entertain "fanciful, irrational, incredible, and delusional" claims, and are empowered to dismiss them *sua sponte*. *See Simmons v. Payne*, 170 F. App'x 906 (5th Cir. 2006). To be sure, the allegations against P. Diddy are troublesome, but Mr. Emrit's relation to those allegations is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). Accordingly, dismissal is warranted. *See id.* And if that weren't enough, Mr. Emrit's jurisdictional allegations are made as to the Eastern District of Pennsylvania, which we are not.[11] So, we lack jurisdiction, too. Last, we warn Mr. Emrit that his conduct here could warrant sanctions under Rule 11 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(b) (prohibiting litigants from filing frivolous or harassing motions). Mr. Emrit mentions his filing of prior cases in the District of Rhode Island;[12] the Middle District of Tennessee;[13] the Northern District of Georgia;[14] the Southern District of California;[15] and the Northern District of Mississippi.[16] "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542 (1991) (internal quotation marks omitted). And Mr. Emrit's filings here represent the latest episode of his apparent abuse of the judicial system—amounting to a massive collective waste of judicial resources.

---

[11] R. Doc. 1 at 3.
[12] R. Doc. 1 at 4.
[13] *Id.* at 3, 6.
[14] R. Doc. 19 at 2.
[15] R. Doc. 17 at 2.
[16] R. Doc. 24 at 2.

For the foregoing reasons, and intolerant of this abuse, this action is hereby **DISMISSED WITH PREJUDICE.** Accordingly, the pending motions are **DENIED AS MOOT**. A judgment consistent with this ruling will be issued in due course.

**MONROE, LOUISIANA,** this 15th day of January, 2025.

_____
Terry A. Doughty
United States District Judge